UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH WOOD,
Plaintiff,
v.
MYPILLOW, INC.,
Defendant.

Case No. 26-cv-00110-HSG

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 29

Pending before the Court is Defendant MyPillow, Inc.'s motion to dismiss counts four and five of the complaint. Dkt. No. 29. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. L.R. The Court **DENIES** the motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v.*

*St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and quotations omitted).

When fraud is an essential element of a claim, Rule 9(b) imposes a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation and quotations omitted). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b). Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation and quotations omitted).

## II. DISCUSSION

Defendant argues that Plaintiff fails to meet the Rule 9 pleading standard for her common law fraud claim, and that her unjust enrichment claim also fails because it is a remedy, not an independent cause of action under California law. *See generally* Mot. The Court disagrees.

To state a claim for fraud under California law, a plaintiff must allege either an affirmative misrepresentation or an actionable omission. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). "Where a fraud claim is based on the omission of information, a party must generally demonstrate that there was a duty to disclose such information." *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 936 (N.D. Cal. 2012). Plaintiff concedes that she fails to plead that MyPillow had a duty to disclose, Dkt. No. 32 at 10 n. 1, so the Court assesses only the sufficiency of Plaintiff's misrepresentation-based fraud claim.

At bottom, Plaintiff alleges that MyPillow induces prospective customers into making

purchases they otherwise would not have made by advertising strikethrough prices on items that are never actually sold at the advertised non-discounted price. To support her claim, Plaintiff cites "online archives documenting Defendant's pricing and sale history" that confirm her allegations about MyPillow's pricing history. Dkt. No. 1. ("Compl.") ¶ 4. Defendant argues that Plaintiff's allegations are too conclusory to meet the Rule 9(b) pleading standards. Mot. at 6–9. But Plaintiff explains the nature of MyPillow's alleged fraud, cites a specific instance of that fraud with pricing information, specifies a date on which she experienced the alleged fraud (and a date range applicable to the class), and alleges that Defendant's misleading pricing strategy has been confirmed through a review of online archives. The Court therefore finds that Plaintiff has sufficiently "identifie[d] the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996). Contrary to Defendant's arguments, Rule 9(b) "does not require absolute particularity or a recital of the evidence." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quotations omitted). "If Plaintiff is unable to prove that [MyPillow] never sold the challenged products at their advertised 'original' prices, [MyPillow] will succeed on summary judgment or at trial." *Lawyer v. Homary Int'l Ltd.*, No. 24-CV-04113-HSG, 2025 WL 1571856, at *4 (N.D. Cal. June 2, 2025) (citing *Cooper v. Pickett*, 137 F.3d at 627). "But, at this stage, the Court 'cannot make Rule 9(b) carry more weight than it was meant to bear.'" *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1554 (9th Cir. 1994)).

As to Plaintiff's unjust enrichment claim, the Court finds that it too survives Defendant's motion. Generally, there is "no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *see also Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (same). Unjust enrichment is not a "theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior*, 106 Cal. App. 4th at 793 (quotations omitted). "It is synonymous with restitution," *id.*, and "is typically sought in connection with a 'quasi-contractual' claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract," *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1307 (S.D. Cal. 2009). But "[w]hen a plaintiff alleges

unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana*, 783 F.3d at 762 (internal quotations omitted).

Plaintiff alleges that she and other class members are entitled to restitution because MyPillow's misrepresentations enabled it to "unjustly . . . retain[] revenues . . . derived from [c]lass members' purchases of the [p]roducts." Compl. ¶ 122. This is sufficient to state a quasi-contract cause of action: MyPillow allegedly induced Plaintiff and class members to buy its products through fraudulent misrepresentations regarding its pricing, and MyPillow was unjustly enriched as a result. *See Astiana*, 783 F.3d at 762 (plaintiff sufficiently stated a quasi-contract cause of action by alleging defendant had enticed plaintiffs to purchase its products "through false and misleading labeling" and that defendant "was unjustly enriched as a result").

## III. CONCLUSION

Defendant's motion to dismiss, Dkt. No. 29, is **DENIED**. The Court further **RESETS** the case management conference to September 29, 2026 at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The parties are further **DIRECTED** to file a joint case management statement by September 22, 2026.

**IT IS SO ORDERED.**

Dated: 9/9/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge